IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GARLAND FLEMING, | § | |
| TDCJ-CID # 847295, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-10-015 |
| | § | |
| RICK THALER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Garland Fleming, who has been recently released from the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a civil rights complaint under 42 U.S.C. § 1983 against State District Judge Gene L. Dulaney, District Attorney Sammy McCrary, Fleming's former defense attorney Robert L. Huddleston, and TDCJ-CID Director Rick Thaler for their involvement in his alleged illegal incarceration. This prisoner action, which was filed while Fleming was still incarcerated, will be **DISMISSED** under 28 U.S.C. § 1915(e) because it is frivolous.

Fleming alleges that his due process rights were violated when he was sent to prison in 1998. In support of this claim, Fleming has attached a copy of a Judgment Revoking Community Supervision from the 106th State District Court of Dawson County, Texas. (Docket Entry No. 1-3) Fleming had been originally found guilty of assault and had been sentenced to ten years of community supervision. (*Id*. at 1.) He was subsequently found to have committed another assault and violated his curfew. (*Id.*) Fleming had also been sentenced to ten years imprisonment for burglary of a habitation and was ordered to serve the sentences consecutively. (*Id.*)

Fleming claims that each of the defendants ignored his constitutional rights. He contends that a final conviction was not entered against him because judgment had not been pronounced for the record in his presence. He also asserts that the written judgment against him is not valid. Fleming requests that this court declare that his restraint is illegal and unconstitutional. He also seeks $ 80,000 for each year that he has served in prison.

Fleming's claim for damages against the judge and the prosecutor is clearly dismissible because he is suing them for performing their duties. *See Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (*citing Stump v. Sparkman*, 435 U.S. 349, 359 (1978)); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Judges and prosecutors are absolutely immune from personal liability for actions taken within their official capacities. *Id*.; *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). Huddleston cannot be sued for damages because he was not a state actor when he was serving as Fleming's lawyer in the proceedings that led to the revocation. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hudson v. Hughes*, 98 F.3d 868 (5th Cir.1996). Fleming's allegations against Thaler entail no direct involvement by Thaler in the legal process that resulted in Fleming's incarceration. His pleadings indicate that Thaler has been named as a defendant solely because he is head of the Texas prison system. *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). Thaler must be dismissed as a defendant because there is no indication that he was personally involved in a violation of Fleming's constitutional rights or that there is any causal connection between Thaler's actions and a constitutional violation. *See Id.*

In addition, Fleming's claims are dismissible because they are improper challenges to the validity of a state court criminal conviction. *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996); *Brandley*, 64 F.3d at 199 (*citing Heck v. Humphrey*, 512 U.S. 477 (1994). A suit for damages under

section 1983 must be dismissed where, as in this current action, the plaintiff is attacking the validity of his conviction and has not shown that the conviction has been reversed or overturned. *Heck*, 512 U.S. at 487–88.

Fleming apparently intended to use this action to contest his 1998 probation revocation. Such a challenge can be considered only in a habeas proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Johnson*, 101 F.3d at 424 ( *citing Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987)). Fleming has filed a separate habeas petition which contested the validity of his incarceration for both the burglary and the assault convictions. *Fleming v. Quarterman*, No. V-09-017 (S.D. Tex. *filed* Mar. 3, 2009). The petition was subsequently dismissed for want of prosecution on June 30, 2009. Fleming has since notified the court that he has been released from prison. (Docket Entry No.5). His release would moot his challenge to the revocation. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Granville v. United States*, 613 F.2d 125, 126 (5th Cir. 1980). In addition, Fleming's habeas petition regarding the 1998 revocation would be barred by AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280–81 (2d Cir. 2003).

Fleming's arguments are not supportable in this civil rights proceeding. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). This civil rights action is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2) because it lacks an arguable basis in law. *Id.*; *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

Fleming's Application to Proceed *In Forma Pauperis* (Docket Entry No. 2) is **GRANTED**. Fleming is still obligated to pay the filing fee ($ 350.00) under 28 U.S.C. § 1915(b); however, he

is no longer in the TDCJ-CID. (Docket Entry No. 5). Therefore, the TDCJ-CID Inmate Trust Fund shall not be ordered to withdraw funds since Fleming does not have an inmate trust account.

Fleming has filed a Motion for Appointment of Counsel (Docket Entry No. 4) contending that he needs legal assistance in proceeding with this matter. The motion will be denied because there is no constitutional right to appointed counsel in habeas proceedings. *Callins v. Johnson*, 89 F.3d 210, 212 (5th Cir. 1996) (*citing Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

### **Conclusion and Order**

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. This prisoner civil rights complaint, filed by Garland Fleming, TDCJ-CID # 847295, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

3. The Motion for Appointment of Counsel (Docket Entry No. 4) is **DENIED**.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and the *Pro Se* Clerk, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 11th day of February, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE